UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
IN RE:

      ORISON CURPIER                              CASE NO. 06-63232
      JAY CURPIER

                          Debtors              Chapter 7
--------------------------------------------------------
APPEARANCES:

PETER A. ORVILLE, ESQ.
Attorney for Debtors
30 Riverside Drive
Binghamton, New York 13905

SELBACH LAW FIRM, PLLC             JAMES F. SELBACH, ESQ.
Attorneys for Debtors                 Of Counsel
5858 East Molloy Road, Suite 180
Syracuse, New York 13211

MARK W. SWIMELAR              MAXSEN D. CHAMPION, ESQ.
Chapter 13 Trustee/Defendant       Of Counsel
250 South Clinton St., Suite 203
Syracuse, New York  13202

NEW YORK STATE DEPARTMENT OF    NANCY HERSHEY LORD, ESQ.
 TAX AND FINANCE                  Assistant Attorney General
Office of the Attorney General
The Capitol
Albany, New York 12224


Hon. Stephen D. Gerling, U.S. Bankruptcy Judge


**MEMORANDUM-DECISION, FINDINGS OF FACT,
CONCLUSIONS OF LAW AND ORDER**


       The Court has under consideration a motion originally filed by Orison and Joy Curpier (the

"Debtors") on July 23, 2007.  Debtors' motion, pursuant to § 362(k) of the U.S. Bankruptcy Code,

11 U.S.C. §§ 101-1532 ("Code"), seeks damages from the New York State Department of Taxation

2

and Finance ("NYS") for allegedly violating the automatic stay.  On August 15, 2007, NYS filed a letter requesting that the motion be adjourned, on consent of both parties, to September 25, 2007, based on "ongoing negotiations."

On March 14, 2008, Debtors' counsel requested that the motion be restored to the Court's calendar because the hearing on the motion had not occurred on September 25, 2007.  An Amended Notice of Hearing was filed on April 10, 2008, by the Debtors.  On May 19, 2008, opposition was filed on behalf of NYS.  On June 2, 2008, the Debtors requested that the motion be adjourned to July 31, 2008, based on the assertion that the "[p]arties require further time for deliberation."  On July 22, 2008, Debtors again requested an adjournment, on consent of both parties, to the Court's calendar on September 9, 2008, "to allow for the availability of counsel at the hearing."

The motion was finally heard at the Court's regular motion calendar on September 9, 2008, in Utica, New York.  The matter was submitted for decision following oral argument.


## JURISDICTIONAL STATEMENT


This Court has core jurisdiction over the parties and subject matter of this contested matter pursuant to 28 U.S.C. §§ 1334, 157(a), (b)(1) and (2)(O).


## FACTS


The Debtors filed a voluntary petition ("Petition") pursuant to chapter 13 of the Code on December 22, 2006.  Contrary to representations by special counsel, James Selbach, Esq.

3

("Selbach"),[1] in the motion, NYS was not listed as a creditor in the Debtors' schedules. However, it did receive the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines (Form B9I) by first class mail, served on December 24, 2006.[2] On June 25, 2007, NYS filed its proof of claim for income taxes totaling $3,403 for the period ending December 22, 2006, which it asserted was an unsecured priority liability of the Debtors (Claim # 26). The claim was not identified in the Debtors' Amended Plan, dated July 18, 2007, despite the filing of a proof of claim by NYS. However, the Order of Confirmation, signed February 7, 2008, expressly lists NYS as a priority creditor with a claim of $3,403 to be paid in full through the plan (Dkt. No. 59).

In addition to filing a proof of claim, NYS also sent the Debtors a Notice and Demand for Payment of Tax Due, dated June 29, 2007 ("Notice and Demand"), as well as a Consolidated Statement of Tax Liabilities listing the "current balance due" for the period ending December 22, 2006, of $3,530.63, which included interest of $61.80 and a penalty in the amount of $66.03. *See* Exhibit A, attached to Debtors' motion. In addition to providing instructions on making a payment, the Notice and Demand also states that "IF YOU DO NOT MAKE FULL PAYMENT BY 07/20/07 OR CONTACT US BY 07/29/07, appropriate action will be taken to collect the balance due. Refer to the enclosed Notice of Taxpayer Rights for information regarding such enforcement actions." As noted above, the Debtors filed their motion on July 23, 2007, prior to the latter deadline. There are

---

[1] Peter Orville, Esq. represents the Debtors in their bankruptcy case. However, according to Selbach's letterhead, he has an "of counsel" relationship with various firms, including Peter A. Orville P.C. *See* Docket No. 60.

[2] The Court understands that pursuant to procedures instituted in its Clerk's Office, in chapter 13 cases, the New York State Department of Taxation & Finance is added automatically to the list of creditors served with the Notice of the Chapter 13 Bankruptcy Case by the case administrator even if it is not listed as a creditor in the schedules filed with the petition.

4

no allegations that any further actions were taken by NYS after sending out the Notice and Demand

and the related documents.

The first page of the Notice and Demand indicates that it is continued on the back. The back

of the Notice and Demand was not provided by the Debtors in their motion. However, NYS has

included a copy of said page referenced as the "Computation Section" in which it states that

"Penalty and/or interest is due for failure to file or pay tax on or before the due date (of 4/17/07)."

*See* Exhibit A, attached to the Affirmation of Elaine Wallace, dated May 19, 2008, included with

NYS's Opposition, filed on May 19, 2008. According to NYS, the mailing of the Notice and

Demand to the Debtors also included a cover page entitled "Notice to Taxpayer" in which it states

that

> [t]he accompanying Notice is For Information Only. This notice was issued to
> comply with New York State Tax Law requirements to establish the amount of tax
> liability and is the type of notice allowed by Bankruptcy Code § 362(b)(9). It is
> being sent to you at this time to advise you of the amount of tax determined due by
> this Department. No demand for payment of the tax due is made at this time.

*Id.* This document also was not included with the Debtors' motion. There was no assertion by the

Debtors that it was not included in the mailing, however. Also allegedly included in the mailing

from NYS was a form which states that "If you have questions regarding this notice, please call 1-

800-835-3554," and also provides an address to write to NYS.

The instant motion contains the language typically found in similar motions filed by Selbach.

The only specifics contained therein are the date the Debtors filed their Petition. As noted

previously, it incorrectly asserts that NYS was "listed as a creditor in the case." The motion also

states that "[t]he Creditor sent the Debtor a written demand for payment of a pre-petition debt, a

copy of which is annexed hereto as Exhibit A." In this case, it was actually the "Debtor<u>s</u>" that were

5

sent the notice from NYS.  In addition, the motion does not contain any affidavits from the Debtors

identifying the injuries for which they are seeking to recover damages for the alleged violation of

the automatic stay by NYS.  Instead, it merely states that the Debtors, "on information and belief,"

suffered actual damages in the form of emotional distress for which damages of $10,000 and

attorney's fees of $2,000 are requested.  *See* Debtors' Motion at ¶ 15.

## DISCUSSION

Code § 362(k) provides that "[a]n individual injured by any willful violation of a stay

provided by this section shall recover actual damages, including costs and attorney's fees, and, in

appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k).  Thus, in order for

damages to be awarded pursuant to Code § 362(k), the Debtors must establish (1) the actions taken

by NYS were in violation of the automatic stay; (2) the violation was willful; and (3) the violation

caused actual damages.  *In re Glanzer*, Case No. 07-17109, 2008 WL 938590, at *2 (Bankr. N.D.

Ohio April 2, 2008) (citations omitted).

With respect to the first factor, the Court must consider whether the actions taken by NYS

fall within the exception provided by Code § 362(b)(9)(D). Code § 363(b)(9)(D) provides that the

automatic stay does not apply to "the making of an assessment for any tax and issuance of a notice

and demand for payment of such an assessment . . . ."  11 U.S.C. § 362(b)(9)(D).

It is the Debtors' position that NYS did more than issue a "notice and demand for payment."

Debtors argue that the Notice and Demand contained a threat that "appropriate action will be taken

to collect the balance due."  It also indicated that "[t]o avoid additional penalty and/or interest, pay

6

the total amount due by 07/20/07." In addition, it refers the Debtors to the "enclosed Notice of

Taxpayer Rights for information regarding such enforcement actions."[3] According to the Debtors,

the suggestion of "enforcement actions" "clearly exceeds the permissible exception found in §

362(b)(9)." *See* Debtors' Memorandum of Law at 2.

According to NYS, these allegations are taken out of context if one considers the fact that

it provided the Debtors with the "Notice to Taxpayer" in which it stated that "[n]o demand for

payment of the tax due is made at this time." However, Debtors' counsel suggests that "the danger

is that debtors won't [understand the nature of the documents] and will pay pre-petition debts." *Id.*

at 3. This argument is offset by the statement in the Notice and Demand that should the Debtors

have any questions, they can call the "800" number provided. In addition, the Debtors had recourse

to seeking advice from their attorney, particularly since the debt to NYS had not been included in

their schedules.

The Debtors direct the Court to several decisions of courts that have addressed similar issues:

*In re Shealy*, 90 B.R. 176 (Bankr. W.D.N.C. 1988)[4] - "Notice of Assessment" was sent

postpetition by the South Carolina Tax Commission to one of the debtors asserting past due taxes

and warning that failure to pay the amount due would "result in a warrant of distraint being issued."

The Commission then sent the male debtor a "Final Notice before Seizure." Similar notices were

---

[3] Neither party has provided the Court with a copy of the "Notice of Taxpayer Rights" which was allegedly enclosed.

[4] This decision was issued prior to the 1994 amendment of Code § 362(b)(9). Prior to the 1994 amendment, Code § 362(b)(9) excepted from the automatic stay "the issuance to the debtor by a governmental unit of a notice of tax deficiency." It said nothing about a demand for payment of a tax assessment as being excepted.

sent to the debtor a year later.  In addition a notice of recordation of a "Warrant of distraint" was sent to the debtor by the Commission.  The Commission admitted that the notices had been sent to the debtor as a result of a clerical error.  *Id.* at 178.  Upon receipt of a letter from debtors' counsel in response to the "warrant," the Commission withdrew said warrant and expunged the file.  *Id.*

The Commission argued that the notices were not an effort to collect a debt.  The court found that the notices were more than simply notices of tax deficiency and did not qualify for the § 362(b)(9) exception.  In reaching its conclusion, the court noted that the "Notice of Assessment" contained language threatening issuance of a "warrant of distraint," and the "Final Notice before Seizure" threatened seizure of wages, bank accounts and other property.  *Id.* at 179.

*In re Covington*, 256 B.R. 463 (Bankr. D.S.C. 2000) - The debtors filed amended tax returns for six years, which the IRS determined were frivolous.  Accordingly, the IRS mailed a Form 866A document to the debtors which stated "'you filed a Form 104X excluding taxable income.  Your claim has been disallowed.'"  *Id.* at 464.  The IRS then imposed a "frivolous return penalty" of $500 for each of the returns.  The IRS sent the debtors Form 6335 documents that notified them that they must pay the entire amount of the penalty.  A month later the IRS sent the debtors Notices of Intent to Levy.  The court found that the six notices informing the debtors of the $500 assessment for each return qualified for the exception set forth at Code § 362(b)(9)(D).  *Id.* at 465-66.  However, the court found that the Notice of Intent to Levy did not constitute an assessment and demand for payment and concluded that the IRS was in violation of the automatic stay as to those notices.  *Id.* at 466.

*In re LTV Steel Co., Inc.,* 264 B.R. 455 (Bankr. N.D. Ohio 2001) - State of Minnesota sent the debtor a document entitled "Notice and Demand for Immediate Payment and Jeopardy

8

Collection."   The document informed the debtor that if it failed to remit the amount due immediately, then collection action, including levying on the debtor's bank account or other property would occur.   The same day on which the notice was mailed, the Minnesota Department of Revenue's agent filed tax liens against the debtor's property in several counties of the state.  *Id.* at 461.  The court concluded that "[t]o the extent that these collection notices threatened seizure of LTV's property, they were not exempted from the automatic stay."  *Id.* at 472.

*In re Headrick*, 203 B.R. 805 (Bankr. S.D.Ga. 1996), *aff'd sub nom. In re Burke*, 1997 WL 33125720 (S.D.Ga. July 23, 1997), *aff'd.* 146 F.3d 1313 (11th Cir. 1998) - Georgia had sent the debtor an "Official Assessment and Demand for Payment."   In addition, it had sent the debtor a second document titled "Collection Notice" in which there were "demands for payment and threats of collection by levy, garnishment or attachment."   *Id.* at 807.  The bankruptcy court denied summary judgment on the issue of whether the Georgia Department of Revenue had violated the automatic stay.

*Rosas v. Monroe County Tax Claim Bureau (In re Rosas)*, 323 B.R. 893 (Bankr. M.D.Pa. 2004) - The debtors received a notice from the Monroe County Tax Claim Bureau which included a "warning" indicating that

> IF YOU FAIL TO PAY THIS CLAIM OR FAIL TO TAKE LEGAL ACTION TO
> CHALLENGE THIS CLAIM, YOUR PROPERTY WILL BE SOLD WITHOUT
> YOUR CONSENT AS PAYMENT FOR THESE TAXES.

The court acknowledged Code § 362(b)(9) and stated that "it is when a taxing authority engages in post-petition attempts to collect pre-petition tax claims that it exceeds the authority afforded under Section 362(b)(9) and violates the automatic stay." *Id.* at 899.  The judge, in his analysis, stated that "I must distinguish between mere requests for payment, which are devoid of coercion or harassment,

9

and actions by a creditor that are designed to elicit payment from a debtor on a prepetition claim."
*Id.* Ultimately, he concluded that the notice had "attempted to coerce the Plaintiffs into satisfying
pre-petition tax liabilities by using the threat that their homes would be sold unless taxes were paid."
*Id.*  The judge determined that the notice violated the automatic stay.  In so holding, he
acknowledged, but opted not to follow, the reasoning in *In re Jennings*, 304 B.R. 8 (Bankr. D.Me.
2004).

In *Jennings,* a case not cited by the Debtors, the court interpreted a notice sent to the debtors
by the Town of Greene "informing them that if their real estate tax arrears were not paid within 30
days, a tax lien certificate would be filed in the local registry of deeds, creating a tax lien mortgage
on the property."  *Id.* at 10.  The notice, required under the state's statute, was entitled "Tax
Collector's Notice, Lien Claim and Demand" in which it was stated, "IMPORTANT: *Do not
disregard this notice. You will lose your property unless you pay your 2002 property taxes, interest
and costs." Id.*  The court reasoned that a "cursory inquiry [by the debtors] would have revealed
these were standard fare.  Further, a simple phone call to their attorney (or the Town) should have
satisfied the debtors that the notice was but the first step in a long process."  *Id.* at 13.  The court
concluded that the statements in the notice were neither coercive or threatening so as to violate the
automatic stay.  *Id.*

NYS argues that there is a critical distinction to be made between the language of the
documents it sent to the Debtors and notices which indicate an intent to levy.  In support of its
argument, NYS refers the Court to the case of *Jacoway v. IRS (In re Graycarr, Inc.)*, 330 B.R. 741
(Bankr. W.D.Ark. 2005).  In that case, the IRS sent the chapter 7 trustee a Request for Payment.  The
court found the "request" within the purview of § 362(b)(9)(D) and not a violation of the automatic

stay.  *Id.* at 745.  However, the court also concluded that the subsequent mailing of a Notice of Levy

> constitutes a collection effort by the IRS and advises the taxpayer of specific consequences [including taking any state tax refunds to which the taxpayer/bankruptcy estate might be entitled] if payment is not made within a specified period of time.  It is not an assessment and demand for payment and is not excepted from the automatic stay by § 362(b)(9)(D).

*Id.*

Also cited by NYS is *H & H Beverage Distributors v. Dept. of Revenue of Comm. of Pa.*, 850 F.2d 165 (3d Cir. 1988), in which the Court of Appeals for the Third Circuit concluded that the Commonwealth of Pennsylvania had not violated the automatic stay by auditing the debtor, i.e. calculating its claim and then issuing a notice of assessment.  *Id.* at 169.  However, the court also recognized that once the notice was issued, the Commonwealth was barred from taking steps to create a lien.  *Id.* at 170.

Finally, both parties cite to this Court's decision in *In re Layton*, 220 B.R. 508 (Bankr. N.D.N.Y. 1998).  In *Layton* the Court was asked to address motions filed by debtors in three separate cases seeking sanctions against Tioga County.  Letters were sent to the debtors in each of the three cases notifying the debtors that they owed real property taxes for 1996.  The letters provided that if the taxes were not paid by December 10, 1997, Tioga County would file a "Notice and Petition of Foreclosure" which would be published in the local newspapers.  *Id.* at 511.  A subsequent letter also stated that failure to pay the taxes would result in the eventual loss of the debtors' property.  *Id.*  In addition, the debtors in two of the cases also indicated that Tioga County had refused to accept partial payment of their post-petition county taxes unless they included their pre-petition school taxes, which had been paid to the school districts by Tioga County pursuant to state law.  *Id.*  The Court found that Tioga County had violated the automatic stay by refusing to

11

accept partial payment from the debtors.  *Id.* at 516.  With respect to the letters sent to the debtors, the Court found that Tioga County had also violated the automatic stay by threatening "to publish a notice in the newspapers, file a list of delinquent taxes and file a notice and petition of foreclosure. Due to the content of these letters, the Court finds that they are more than mere notices and constitute a demand for payment in violation of the Stay."  *Id.*

In *Layton* the Court was asked to address the exception set forth in Code § 362(b)(9)(B), which permits the "issuance to the debtor by a governmental unit of a notice of tax deficiency."  The Court took exception to Tioga County's threat of foreclosures and loss of the debtors' real property, as well as its refusal to accept partial payment from the debtors.  Code § 362(b)(9)(B) says nothing about the governmental unit being able to include in its notice of tax deficiency a demand for payment.  However, Code § 362(b)(9)(D) expressly allows a taxing authority such as NYS not only to make an assessment of any tax owed, it also expressly allows the taxing authority to issue "a notice and demand for payment of such an assessment."  As the cases have indicated, it does not permit a lien to be created on the debtor's property or property of the estate.

"[T]he making, postpetition, of an assessment of the Debtors' prepetition tax liability, and the issuance of letters demanding payment thereof cannot, without more, be viewed as violating the automatic stay."  *In re Neary*, 220 B.R. 864, 867 n.6 (Bankr. E.D.Pa. 1998) (citations omitted).  In the matter presently under consideration, there is no evidence of any attempt to create a lien on the Debtors' property.  Furthermore, the Court finds credible the assertion on behalf of NYS that the documents attached to the Debtors' motion as Exhibit A were incomplete.  Not only was a copy of the back page of the Notice and Demand not provided, it appears that the cover letter stating that the Notice was for informational purposes only and that no demand for payment of the tax due was

12

being made at the time was also not included.

There has been no suggestion that NYS made any efforts to collect the tax due from the Debtors, either by seizure or levy of the Debtors' property.  There are no allegations of coercion or harassment.  Its participation in the Debtors' case consisted of filing its proof of claim on June 25, 2007 and then mailing the Notice and Demand on or about June 29, 2007.

The Court concludes that there has been no violation of the automatic stay by NYS.  It simply  took advantage of the exception set forth at Code § 362(b)(9)(D) allowing it to send out its Notice and Demand  and informing the Debtors' of the liability.  Accordingly, the Court need not consider whether the action was willful and caused actual damages to the Debtors.

Based on the foregoing, it is hereby

ORDERED that the Debtors' motion pursuant to Code § 362(k) is denied.

Dated at Utica, New York

this 9th day of January, 2009

/s/ Stephen D. Gerling
STEPHEN D. GERLING
U.S. Bankruptcy Judge